<sup></sup>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND



Fletcher Dorsett
    Petitioner,

v

    MOTION UNDER 28 U.S.C. §2255(f)(4)
    Criminal Case No. 07-Cr-004455(BEL)
    Honorable Benson E. Legg

United States of America
    Plaintiff(s).

GLR-16-2741

District of Maryland
Docket No.: 07-CR-00445

Date of Judgement of Conviction: March 9, 2009

Date of Sentence: February 20, 2009

Length of Sentence: 96 months

Nature of crime(s): Bank robbery 18 U.S.C. 2113(a)

Plea of GUILTY entered on this judgement.

There was NO testimony at a pre-trial or post-trial hearing.

There was NO prior appeal(s) from this judgement.

There were NO direct appeals, motion/petitions or applications concerning this judgement.

There were NO evidentiary hearing(s) pertaining to a motion, petition or application concerning this judgement.

**GROUND ONE:**
Dorsett contends that his Fifth, Sixth and Fourteenth Amendment Rights have been violated due to his sentence being in violation of §§1B1.3, 4A1.1, 4A1.2 and Amendment 709. Which was due to him receiving ineffective assistance of counsel from his trial counsel Attorney Sean P. Vitrano.

Dorsett contends had Attorney Vitrano evaluated Dorsetts's criminal history instead of following the Government's calculation, Dorsett's sentence would not have had a procedural error that has caused Dorsett's sentence to be substantially unreasonable and unfair; which has caused Dorsett's sentence to be in violation of 1) Dorsett's Constitutional Rights (Dorsett's Fifth, Sixth and Fourteenth Amendment Rights); and 2) the provisions set forth under U.S.S.G. §§1B1.3, 4A1.1 and 4A1.2.

One of the responsibilities of the defense counsel is to verify the aspects of the defendant's offense level and the defendant's criminal history points; to ensure that these items are accurate due to these sections being major factors of the defendant's sentence.

There were NO post-conviction motions, petitions, or applications filed concerning this judgement.

1

There were NO hearing(s) concerning GROUND ONE of this motion for relief.

There were NO denials or appeals filed for motions, petitions or applications concerning this judgement.

**GROUND TWO:**
Dorsett contends that his sentence is in violation of the provisions set forth in §1B1.3 of the United States Sentencing Guidelines. Dorsett contends that his state offense in ¶¶ 30, 31, 32 and 37 are "relevant conduct" under the provisions of §1B1.3; also his states convictions in ¶¶ 33, 34, 36 and 38 are "relevant conduct" under the provisions set forth in §1B1.3.

Dorsett contends that if these state convictions were properly viewed under the provisions set forth in §1B1.3, his criminal history points would be 9 instead of 25; which would have yielded a guideline range of 57 to 71 months instead of 77 to 96 months.

This error in the Guideline range has caused Dorsett's Fifth and Fourteenth Amendment Rights to be violated; as well as the provisions and commentary set forth in §§1B1.3, 4A1.1 and 4A1.2.

There were NO post-conviction motions, petitions, or applications filed concerning this judgement.

There were NO hearing(s) concerning GROUND TWO of this motion for relief.

There were NO denials or appeals filed for motions, petitions or applications concerning this judgement.

**GROUND THREE:**
Dorsett contends that several of his sentences are in violation of either §§4A1.1 or 4A1.2 or both; or in violation of Amendment 709.

Dorsett contends that he was sentenced on February 20, 2009; approximately eighteen months after Amendment 709 went into effect. Dorsett contends that several of his sentences that received criminal history points in ¶¶ 22-38 are in violation of Amendment 709; which that Amendment went into effect on November 1, 2007.

This violation of the United States Sentencing Guidelines are additional violations of Dorsett's Constitutional Rights and violations of the Guidelines.

There were NO post-conviction motions, petitions or applications filed concerning this judgement.

There were NO hearing(s) concerning GROUND THREE of this motion for relief of judgment.

There were NO denials or appeals filed for motions, petitions or applications concerning this judgement.

There are NO motions, petitions or appeals NOW PENDING (filed or not yet decided) in any Court for this judgement.

The following attorneys are who represented Fletcher Dorsett in the following stages of the judgement in challenge:

There are NO motions, petitions or appeals NOW PENDING (filed or not yet decided) in any Court for this judgement.

The following attorneys are who represented Fletcher Dorsett in the following stages of judgement in challenge:

Arraignment:
Sean P. Vitrano
P.O. Box 1498
Wakeforest, N.C. 27588-1498

Preliminary Hearing:
Sean P. Vitrano
P.O. Box 1498
Wakeforest, N.C. 27588-1498

Plea Hearing:
Sean P. Vitrano
P.O. Box 1498
Wakeforest, N.C. 27588-1498

Trial:
N/A

Sentencing Hearing:
Sean P. Vitrano
P.O. Box 1498
Wakeforset, N.C. 27588-1498

Appeal:
N/A

Post-conviction proceeding(s):
N/A

Appeal from any ruling in a post-conviction proceeding:
N/A

There were ONE counts in this indictment.

There are NO future sentences to serve once THIS sentence has been completed.

THEREFORE, movant asks that this Honorable Court grant the following relief:

Vacate movant's sentence and resentence movant within the applicable guidelines set forth in the United States Sentencing Guideline Manual pursuant to the provisions set forth in the aforementioned grounds: or any other relief that this Honorable Court deems appropriate

_____
Fletcher Dorsett, Petitioner

3

```
_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

        JUL 29 2016
        AT BALTIMORE
    CLERK U.S. DISTRICT COURT
      DISTRICT OF MARYLAND
BY                        DEPUTY
```

Fletcher Dorsett, Petitioner
Register No.: 43264-037
P.O. Box 8000
Bradford, PA 16701-0980

## CERTIFICATE OF SERVICE

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct and that this motion under 28 United States Code, Section 2255 was placed in the institution's mailing system on July 26, 2016.
Pursuant to FRAP 25(a)(2)(c) "papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. §1746) setting forth the date of deposit and stating that first-class postage was prepaid." This motion under 28 United States Code, Section 2255 is going to the Honorable Benson E. Legg, and the Court Clerk's Office at 101 West Lombard Street, Baltimore, Maryland 21201-2605; also to the United States Attorney's Office at 101 West Lombard Street, Baltimore, Maryland 21201-2605. FURTHER, it is requested that the Court Clerk's Office FILE/STAMP COPY AND RETURN TO ALL PARTIES INVOLVED.

Commonwealth of Pennsylvania
County of _McKean_

Sworn to and subscribed before me
this _19_ day of _July_, 20_16_

_[signature: Cheri R. Harrington]_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Cheri R. Harrington, Notary Public
Lafayette Twp., McKean County
My Commission Expires Sept. 17, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

_[signature]_
Fletcher Dorsett, Petitioner
Sworn to as true and correct
under the penalties of perjury
pursuant to 28 U.S.C. §1746.

Sworn to and scribed before me this 19th day of July, 2016.

Federal Correctional Institution McKean
Name: Fletcher Dorsett
Reg. #: 43264037
P.O. Box 8000
Bradford, Pa 16701

ROCHESTER NY 144

26 JUL 2016 PM 2 L

⇔43264-037⇔
U S District Court
c/o Court Clerk's Office
101 W Lombard ST
Baltimore, MD 21201
United States

CR 5

FILED
LODGED
JUL 29 2016
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY
RECEIVED
ENTERED

21201-262915